[Civ. No. 1391.    Second Appellate District.—July 17, 1913.]

## A. H. REVIS, Petitioner, v. SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

CRIMINAL LAW—SALE OF ADULTERATED MILK—REVIEW OF CONVICTION ON CERTIORARI.—*Certiorari* does not lie to review a judgment convicting the petitioner of selling adulterated milk in violation of law (Stats. 1911, p. 970), when no attack is made on the validity of the statute defining the offense, and the trial court had jurisdiction, but the petitioner insists that at the trial he was denied an opportunity to make his defense by a ruling of the court rejecting certain evidence, which evidence, as appears from the petition, was immaterial and constituted no defense.

PETITION for Writ of Certiorari to review a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

Harriman, Ryckman & Tuttle, for Petitioner.

THE COURT.—The application made herein for a writ of *certiorari* must be denied.

Petitioner was convicted upon a complaint filed in the justice's court charging him with violating the provisions of section 29, of chapter 489, Statutes 1911, [Stats. 1911, p. 970], by selling adulterated milk as therein defined. From the judgment he appealed, upon questions of law only, to the superior court, where the judgment was affirmed. No attack was made upon the validity of the act defining the offense, and both the justice in the trial of the case and the superior court in reviewing the questions of law on appeal from the judgment clearly had jurisdiction; hence no ground is shown for the issuance of the writ. Petitioner insists that in the trial before the justice he was denied an opportunity of making his defense by a ruling of the court in rejecting certain evidence offered by him. Conceding the evidence offered to have been proper, its rejection constituted mere error. It appears, however, from the petition, and it was so held by the superior court, that the proffered evidence was wholly immaterial and constituted no defense. The case, therefore, bears no analogy to that of *Hovey* v. *Elliott,* reported in 145 N. Y. 126, [39 L. R. A. 449, 39 N. E. 841], where it was held that a ruling of the court striking out defendant's answer as a punishment for contempt, in effect resulted in a conviction without due process of law.

The petition is wholly without merit, and the writ is denied.